UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAKYSHA MORRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:12CV640 SNLJ |
| | ) |
| MCCORMACK BARON RAGAN, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for appointment of counsel, #4, filed April 9, 2012.  The motion will be denied without prejudice.

Title VII provides that a court may appoint counsel to represent a plaintiff under "such circumstances as the court may deem just."  42 U.S.C. § 2000e–5(f)(1); *Maxwell v. Express Scripts, Inc.*, 2012 WL 996651, *7 (E.D. Mo. March 22, 2012).  A civil litigant has no constitutional or statutory right to court-appointed counsel, and the decision whether to appoint counsel is within the Court's discretion.  *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir.1984); *In re Steven Lane*, 801 F.2d 1040, 1042-44 (8th Cir.1986).  In making its determination, the Court considers whether:

> (1) the plaintiff can afford to retain an attorney; (2) the plaintiff has made a good-faith effort to retain an attorney, but has been unable to do so; (3) there is some factual basis for the plaintiff's lawsuit; and (4) the nature of the litigation is such that the plaintiff and the court would benefit from the assistance of counsel.

*Maxwell*, 2012 WL 996651 at *7; *Slaughter v. Maplewood*, 731 F.2d 587, 590 (8th Cir.1984); *Nelson*, 728 F.2d at 1005.

After reviewing the above factors, the Court finds that the appointment of counsel is not warranted at this time.  This case does not appear to be so factually or legally complex that plaintiff is unable to present her claims or investigate the facts of this case without the assistance of counsel.  In addition, plaintiff's *pro forma* motion and affidavit state simply that she is "unable to pay a reasonable attorney fee" and that he has "made diligent efforts to obtain legal counsel" but has been unsuccessful "because of [her] poverty."  Plf's Motion, #4, p. 1.  Although plaintiff has been granted *in forma pauperis* status, that does not necessarily mean that she cannot obtain legal counsel.  Some attorneys who specialize in employment discrimination matters do so on a contingency-fee basis, which requires little or no initial payment, and plaintiff has not explained what efforts she has made to retain an attorney.  Therefore, the Court finds that appointment of counsel is not warranted at this time and will deny plaintiff's motion without prejudice.  *See Maxwell*, 2012 WL 996651 at *7.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel, #4, is **DENIED** without prejudice

Dated this  15th  day of May, 2012.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE